1 | Rafael Nendel-Flores, Esq., SBN: 223358
Guillermo Tello, Esq., SBN: 277896
2 | **CLARK HILL LLP**
1055 West Seventh Street, Suite 2400
3 | Los Angeles, CA 90017
Telephone:    (213) 891-9100
4 | Facsimile:    (213) 488-1178
RNendelflores@ClarkHill.com
5 | GTello@ClarkHill.com

6 | Attorneys for Defendant
WASTEQUIP MANUFACTURING
7 | COMPANY, LLC

8 |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA- FRESNO DIVISION

| | |
|---|---|
| JAVIER ESPINOZA, an individual, | Case No. |
| Plaintiff, | **DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441 (A)** |
| vs. | [28 U.S.C. § 1332(a) (Diversity Jurisdiction)] |
| WASTEQUIP MANUFACTURING COMPANY, LLC, an Ohio limited liability company; and DOES 1 to 50, inclusive, | |
| Defendants. | *[Filed concurrently with Declarations of Rafael G. Nendel-Flores and Richard Sedory; Civil Cover Sheet; Notice of Related Cases; and FRCP 7.1 Disclosure Statement]* |
| | Action Filed:     September 19, 2019
Trial Date:       None Set |

1

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant WASTEQUIP MANUFACTURING COMPANY, LLC ("Defendant" or "Wastequip") removes this action from the Superior Court of the State of California for the County of Kern to the United States District Court for the Eastern District of California-Fresno Division pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 on the grounds that: (1) there is complete diversity of citizenship between Plaintiff, a citizen of the State of California, and Defendant who is citizen of both the State of Delaware and the State of North Carolina; and (2) the amount in controversy exceeds the $75,000 threshold set forth in Section 1332(a).  The forgoing facts are true as of the date of the filing of this Notice of Removal, as more fully set forth below on the following grounds.

**I.    STATE COURT ACTION**

1.      On or about September 19, 2019, Plaintiff filed a complaint and demand for jury trial in this action against Defendant entitled "*JAVIER ESPINOZA, an individual v. WASTEQUIP MANUFACTURING COMPANY, LLC, an Ohio limited liability company; and DOES 1 to 50, inclusive, Defendants,* in the Kern County Superior Court, Case Number BCV-19-102665 ("State Court Action").  On October 8, 2019, Plaintiff personally served Defendant with the Summons and Complaint. These documents were the initial pleadings received by Defendant in this action. True and correct copies of these documents are attached hereto as **Exhibit A**.

2.      The Complaint asserts the following causes of action: (1) Failure to Provide Meal Breaks (2) Failure to Provide Rest Periods; (3) Failure to Pay Minimum Wage; (4) Failure to Pay Overtime Wages – Lab. Code §§510(a) & 1194(a); (5) Failure to Pay Overtime Wages – 29 U.S.C. §§207(a) & 216(b); (6) Failure to Provide Accurate Wage Statements; (7) Failure to Produce Payroll

/ / /

DEFENDANT WASTEQUIP MANUFACTURING
COMPANY, LLC'S PETITION AND NOTICE OF REMOVAL

Records; (8) Failure to Produce Personnel Records; and (9) Unfair Business Practices. [*See* **Exhibit A**, Complaint.]

3.      On November 7, 2019, Defendant timely filed and served its Answer to Plaintiff's Complaint.  A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached hereto as **Exhibit B.**

4.      Pursuant to 28 U.S.C. § 1446(d), Defendant will provide prompt written notice of this Notice of Removal to all adverse parties and to the Clerk of the Kern County Superior Court.

## II.     REMOVAL IS TIMELY

5.      According to 28 U.S.C. § 1446(b), removal based on diversity jurisdiction must occur within 30 days after service of the original pleading if diversity jurisdiction is demonstrated on the face of the pleading.

6.      However, this thirty-day time period in which a defendant must remove starts to run upon defendant's receipt of the initial pleading *only if the pleading affirmatively reveals on its face the basis for removal—i.e., the citizenship of all parties and the amount in controversy*.  Put differently, a defendant's subjective knowledge and/or ability to inquire to obtain additional facts does not trigger commencement of the limitations period.  *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 691–92 (9th Cir. 2005) (the thirty-day limitations period for diversity-based removal of insured's action against diverse insurer and insurer's agent do not commence with initial complaint, when the complaint reveals only residency of agent, not his current citizenship; limitations period began to run only when it became apparent that insured had abandoned his claims against agent, rendering diversity complete).

7.      In this case, the filing of this removal is within one year since this action was commenced on or about September 18, 2019.  The thirty-day time period for Wastequip to seek removal based on diversity jurisdiction did not start to run with the service of the Complaint because this pleading alleged only Plaintiff's residency

DEFENDANT WASTEQUIP MANUFACTURING
COMPANY, LLC'S PETITION AND NOTICE OF REMOVAL

(not his citizenship), and only alleged the state of organization for Wastequip, a limited liability company, not the citizenship of its members. *See* 28 U.S.C. § 1446(b)(3) (30 days deadline to remove from service is not applicable where "the case stated by the initial pleading is not removable[.]"); *CarMax Auto Superstores v. Hernandez*, 94 F.Supp.3d 1078, 1091 n. 38. (C.D. Cal. 2015). ("A party's residence alone does not determine his or her citizenship for purposes of diversity jurisdiction"). In other words, the case as stated in the Complaint was not removable at the time of service.

8.     A person is a citizen of the state in which she has her domicile. In turn, domicile is either a permanent home where the individual indents to remain or to which the individual intends to return. *See, e.g., Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

9.     With this in mind, Defendant served Requests for Admission on Plaintiff addressing his citizenship for removal purposes. Plaintiff served responses to the foregoing discovery on or about January 13, 2020. In these responses, Plaintiff admitted that that he was domiciled in the State of California both at the time that he filed the instant lawsuit and at the time that he responded to the Requests for Admission. [Declaration of Rafael Nendel-Flores in Support of Defendant's Petition for Removal, Exh. **A** & **B**.]

10.     Therefore, the filing of this removal is timely as it was filed within 30-days of Defendant's receipt of notice (via discovery responses) of Plaintiff's citizenship for diversity jurisdiction purposes. Put differently, it was not until January 13, 2020, that Defendant received notice that **all** of the elements for diversity jurisdiction were met: (1) Plaintiff is a citizen of California (see *infra*); Wastequip's members are citizens of Delaware and North Carolina (see *infra*); and Plaintiff presents claims for an amount in controversy in excess of $75,000 (see *infra*).

/ / /

/ / /

### III.   REMOVAL IS PROPER BASED ON COMPLETE DIVERSITY OF CITIZENSHIP

11.    This is a civil action of which this Court has original jurisdiction under the provisions of United States Code, Title 28, Section 1332, and is an action that may be removed to this Court by Defendant pursuant to United States Code, Title 28, Section 1441.

12.    This Court has original jurisdiction over this action under United States Code, Title 28, Section 1332 because (a) the parties to this action are citizens of different states and (b) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

#### A.   There is Complete Diversity Between the Parties.

13.    Citizenship of Plaintiff.  For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place where he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  In response to Requests for Admission served by Defendant, Plaintiff admitted that he was domiciled in California both at the time that he filed the instant lawsuit and at the time that he responded to the Requests for Admission.  [*See,* Plaintiff's Responses to Defendant's Requests for Admission Nos. 1 and 2 which are attached as Exhibit B to Nendel-Flores Dec. In Support of Petition for Removal.]

14.    Citizenship of Wastequip.  Defendant is a limited liability company organized under the laws of Ohio.  (Declaration of Richard Sedory ("Sedory Decl."), at ¶ 3.)  However, for purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Here, Defendant's sole member is Wastequip, LLC, also a limited liability company organized under the laws of Ohio. (Sedory Decl., at ¶ 3.)  In turn, the sole

member of Wastequip, LLC is Patriot Container Corporation, a corporation. (Sedory, Decl., at ¶¶ 3-4.)

15.    A corporation is a citizen of both the state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).   The Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).   In *Hertz,* the Court held that the "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184.  The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination." *Id.*

16.    Patriot Container Corp. is and was, at the time that this Complaint was filed, incorporated in state of Delaware and with headquarters in the state of North Carolina. (Sedory Decl., at ¶ 4.) For example, Patriot Container Corporation's Officers and Directors are located in Charlotte, North Carolina. (Sedory Decl., at ¶ 4.)  Accordingly, Defendant is a citizen of Delaware and North Carolina.

17.    Therefore, complete diversity among the parties exists.   Thus, this timely Petition is based on complete diversity of the parties:  Plaintiff a citizen of California and Defendant a citizen of Delaware and North Carolina.

**B.    The Amount in Controversy Exceeds $75,000.**

18.    Defendant discusses below the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy in this matter exceeds $75,000 on the face of the Complaint.  In doing so, Defendant does not admit that Plaintiff is entitled to these damages.

19.    In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *Hunt v.*

1   *Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt*

2   *G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

3       20.    Here, the Prayer for Relief section of the Complaint (attached hereto as

4   **Exhibit A**) expressly seeks **$108,000** in unpaid wages, liquidated damages, statutory

5   penalties, and restitution as follows:

6           a.    As to the cause of action for failure to provide meal periods:

7       "**$10,000** in meal period premiums. (Lab. Code §226.7(c).)"

8           b.    As to the second cause of action for failure to provide rest

9       periods: claim: "**$10,000** in rest period premiums . . . ."

10          c.    As to the third cause of action for failure to pay minimum wage:

11      "**$7,500** in unpaid minimum wage compensation . . . . "

12          d.    As to the third cause of action for failure to pay minimum wage:

13      "**$7,500** in liquidated damages . . . . "

14          e.    As to the fourth cause of action for failure to pay overtime:

15      "**$7,500** in unpaid overtime compensation . . . . "

16          f.    As the fifth cause of action for failure to pay weekly overtime:

17      "$7,500 in unpaid weekly overtime wage compensation" and "$7,500 in

18      liquidated damages."

19          g.    As to the sixth cause of action for failure to allegedly provide

20      accurate wage statements: "no less than the maximum aggregate penalty

21      of $4,000 . . . ."

22          h.    As to the seventh cause of action for failure to produce payroll

23      records: "a $750 penalty . . . ."

24          i.    As to the eighth cause of action for failure to produce personnel

25      records: "a $750 penalty . . . ."

26          j.    As to the ninth cause of action for unfair competition: "$45,000

27      in restitution . . . ."

28   / / /

21.     Further, Plaintiff also seeks attorney's fees for each of his causes of action.  "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007).  A conservative estimate is that Plaintiff will likely seek attorney's fees equal to at least 25% of the total amount sought.  *See, e.g., Heejin Lim v. Helio, LLC*, 2012 WL 359304 at *3 (C.D.Cal.); *Altamirano v. Shaw Industries, Inc.*, 2013 WL 2950600 at * 13 (N.D. Cal.).

## VI.     SATISFACTION REQUIREMENTS OF 28 U.S.C. § 1446

22.     In accordance with 28 U.S.C. §1446(a), this notice of removal is filed in the District Court of the United States in which the action is pending.  The Superior Court of California, County of Kern, is located within the Eastern District of California-Southern Division.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(a) because it is the "district and division embracing the place where such action is pending."   28 U.S.C. § 114(a).   In accordance with 28 U.S.C. §1446(a), this notice of removal is accompanied Exhibits A, B, and C which are copies of all process, pleadings, and orders served upon Defendant.

23.     In accordance with 28 U.S.C. §1446(b) and as detailed in paragraphs 5 through 10 *supra*, Defendant's Notice of Removal is timely.

24.     In accordance with 28 U.S.C. §1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via his counsel and file a copy of that Notice with the Superior Court of California, County of Kern.

## IV.     CONCLUSION

25.     This is an action is between citizens of different states and the matter in controversy exceeds $75,000.  Therefore, Defendant respectfully requests that this Court exercise its diversity removal jurisdiction.

26.     In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant respectfully requests that it issue an Order to Show

8

Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED:  February 10, 2020                    CLARK HILL LLP


By: */s/ Rafael G. Nendel-Flores*
        Rafael G. Nendel-Flores
        Guillermo Tello
        Attorneys for Defendant
WASTEQUIP MANUFACTURING
COMPANY, LLC

DEFENDANT WASTEQUIP MANUFACTURING
COMPANY, LLC'S PETITION AND NOTICE OF REMOVAL

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WASTEQUIP MANUFACTURING COMPANY, LLC, an Ohio limited liability company; and DOES 1 to 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JAVIER ESPINOZA, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
**ELECTRONICALLY FILED**
**9/19/2019**
**Kern County Superior Court**
**By Esmeralda Salinas, Deputy**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Kern County Superior Court | **CASE NUMBER:**<br>*(Número del Caso):* BCV-19-102665 |

1415 Truxtun Ave.
Bakersfield, CA 93301

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ben Rothman, Esq. 10100 Venice Blvd., Culver City, CA 90232. (310) 717-0539.

| DATE:<br>*(Fecha)* 9/19/2019 | **TAMARAH HARBER-PICKENS** | Clerk, by<br>*(Secretario)* Esmeralda Salinas | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

   **Wastequip Manufacturing Company, LLC**
3. ☒ on behalf of *(specify):* **an Ohio limited liability company**

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10-8-2019

Page 1 of 1

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Ben Rothman, Esq. (SBN 265472)<br>Law Office of Ben Rothman<br>10100 Venice Blvd.<br>Culver City, CA 90232<br>TELEPHONE NO.: (310) 717-0539   FAX NO.: (310) 919-3777<br>ATTORNEY FOR *(Name):* Plaintiff, Javier Espinoza | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>9/18/2019 9:59 PM<br>**Kern County Superior Court**<br>**By Esmeralda Salinas, Deputy** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kern
STREET ADDRESS: 1415 Truxtun Ave.
MAILING ADDRESS: Same
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan

CASE NAME:
Espinoza v. Wastequip Manufacturing Company, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>BCV-19-102665 |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | ☐ Other collections (09)<br>☐ Insurance coverage (18) | ☐ Mass tort (40)<br>☐ Securities litigation (28) |
| ☐ Asbestos (04)<br>☐ Product liability (24) | ☐ Other contract (37)<br>**Real Property** | ☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08) | ☐ Other real property (26)<br>**Unlawful Detainer** | ☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint** |
| ☐ Defamation (13)<br>☐ Fraud (16) | ☐ Commercial (31)<br>☐ Residential (32) | ☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19)<br>☐ Professional negligence (25) | ☐ Drugs (38)<br>**Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35)<br>**Employment** | ☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11) | ☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36)<br>✓ Other employment (15) | ☐ Writ of mandate (02)<br>☐ Other judicial review (39) | |

2. This case ☐ is  ✓ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence         f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary  b. ✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 9
5. This case ☐ is  ✓ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 18, 2019
Ben Rothman, Esq.
_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF KERN**<br>BAKERSFIELD COURT<br>1415 TRUXTUN AVENUE<br>BAKERSFIELD CA 93301 | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF KERN<br><br>SEPTEMBER 19, 2019<br>BY *Esmeralda Salinas* DEPUTY |

| | |
|---|---|
| PLAINTIFF/PETITIONER:<br>  JAVIER ESPINOZA<br>DEFENDANT/RESPONDENT:<br>  WASTEQUIP MANUFACTURING COMPANY, LLC, AN OHIO<br>  LIMITED LIABILITY COMPANY | |
| NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND<br>NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND<br>NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br><br>BCV-19-102665 |

By order of the presiding judge, the above entitled case is assigned to the Honorable Thomas S. Clark for all purposes. It will be managed on the direct calendar program in Bakersfield Department 17 until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6. Please include the initials **TSC** after the case number on all future pleadings filed in this case.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **January 02, 2020** in **Bakersfield Department 17** at **8:30 AM** in the above entitled court to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable Thomas S. Clark on **September 19, 2019** at **8:15 AM** in **Bakersfield Department 17** of the above entitled court. Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730. All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

### NOTICE TO PLAINTIFF'S COUNSEL
**IMPORTANT:** You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form ( California Rules of Court, Rule 3.221).

### NOTICE TO CROSS COMPLAINANT'S COUNSEL
**IMPORTANT:** If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.

TAMARAH HARBER-PICKENS
CLERK OF THE SUPERIOR COURT

Date:  September 19, 2019

By: _____*Esmeralda Salinas*_____

Esmeralda Salinas, Deputy Clerk

ESPINOZA VS WASTEQUIP MANUFACTURING COMPANY, LLC, AN OHIO LIMITED LIABILITY COMPANY
BCV-19-102665

The Clerk of the Superior Court's office has received a civil complaint from you for filing. Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable Thomas S. Clark as monitoring judge.

Judge Thomas S. Clark has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Department 17. This will involve all cases in which the clerk has assigned the initials TSC to the complaint at the time of filing. Counsel is expected to make the initials of the monitoring judge a part of the case number on all pleadings and papers.

Judge Thomas S. Clark expects that all law and motion hearings to be heard by him/her be set within five (5) days of the earliest date that they may be heard, given mail notice of hearing. **Law and motion matters must be reserved by going to the website address http://kerncourtlink.com for the Kern Courtlink Online Reservation System. The website is available at any time. You may calendar motions as scheduled below. Ex-parte matters require pre-clearance.**

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint. This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named. The notice must also be served on interveners and lien claimants.

Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT. Proper procedures must be complied with under California Rules of Court, Rule 3.670. Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.

Another judge will hear settlement conferences in cases assigned to Judge Thomas S. Clark. However, those cases that do not settle will be set for trial before him/her.

To confirm any hearing on calendar, for general questions regarding cases assigned to Judge Thomas S. Clark or to pre-clear an ex-parte hearing, contact the Direct Calendaring Clerk at 661-868-4900. To check on tentative rulings from Judge Clark, go to the court's website address "http/www.kern.courts.ca.gov/", after 4:00 pm, and click on tentative rulings. Judge Lampe does **not** offer tentative rulings.

ESPINOZA VS WASTEQUIP MANUFACTURING COMPANY, LLC, AN OHIO LIMITED LIABILITY COMPANY
BCV-19-102665

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF KERN
## SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference statement providing the Court with the following information:

1. The "at-issue" status of the case including any new parties that may be contemplated;
2. A brief statement of the type of case and the general facts or contentions;
3. A description of the discovery done to date and that contemplated to be done;
4. Estimated time for trial and whether a jury is demanded;
5. Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6. An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7. If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8. A statement of any settlement negotiations undertaken thus far;
9. The name of the attorney primary responsible for the case on behalf of the party filing the statement.

More than one party may join in the filing of a single statement.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case. The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1. The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2. Discovery conducted and remaining to be done;
3. Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4. Delineation of issues including stipulation of facts not in substantial controversy;
5. Settlement prospects;
6. Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7. Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

ESPINOZA VS WASTEQUIP MANUFACTURING COMPANY, LLC, AN OHIO LIMITED LIABILITY COMPANY
BCV-19-102665

### CERTIFICATE OF POSTING

The undersigned, of said Kern County, certify: That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the *Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference* attached hereto on all interested parties and any respective counsel of record in the within action by posting true copies thereof, to the Superior Court of California, County of Kern, Non-Criminal Case Information Portal (https://odyprodportal.kern.courts.ca.gov/portalprod).

Date of Posting:       September 19, 2019

Place of Posting:      Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**TAMARAH HARBER-PICKENS**
CLERK OF THE SUPERIOR COURT

Date:  September 19, 2019

By:       *Esmeralda Salinas*
Esmeralda Salinas, Deputy Clerk

Certificate of Posting - Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page 4 of 4

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKET



Kern County Superior Court encourages, and under certain circumstances, may require parties to try ADR before trial. Courts have also found ADR to be beneficial when used early in the case process. The courts, community organizations and private providers offer a variety of ADR processes to help people resolve disputes without a trial. Below is information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local arbitrator, mediator or neutral evaluator. You may find more information about these ADR processes at www.courts.ca.gov/programs/adr.

## Possible Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial depending on the type of ADR process used as well as the particular type of case involved.

Possible Advantages: Saves time; saves money; gives the parties more control over the dispute resolution process and outcome; helps to preserve and/or improve party relationships.

Possible Disadvantages: May add additional time and costs to the litigation if ADR does not resolve the dispute; procedures such as discovery, jury trial, appeals, and other legal protections may be limited or unavailable.

## Most Common Types of ADR
Mediation: A neutral person or "mediator" helps the parties communicate in an effective and constructive manner so the parties can try to resolve their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is generally confidential and may be particularly useful where ongoing relationships are involved, such as between family members, neighbors, employers/employees or business partners.

Settlement Conferences: A judge or another neutral person assigned by the court helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement conference neutral does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different views about the likely outcome of a trial in their case.

Neutral Evaluation: The parties briefly and informally present their facts and arguments to a neutral person who is often an expert in the subject matter of the dispute. The neutral does not decide the outcome of the dispute, but helps the parties to do so by providing them with a non-binding opinion about the strengths, weaknesses and likely outcome of their case. Depending on the neutral evaluation process, and with the parties' consent, the neutral may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate when the parties desire a neutral's opinion about how the case might be resolved at trial; and, if the primary dispute is about the amount of damages or technical issues, the parties would like a neutral expert to resolve those disputes.

**Arbitration:** The parties present evidence and arguments to a neutral person or "arbitrator" who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are generally more relaxed. If the parties agree to *binding* arbitration, they waive their right to a jury trial and agree to accept the arbitrator's decision. With *nonbinding* arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or desire an expert in the subject matter of their dispute to make a decision.

## Local Court ADR Programs
The Superior Court, County of Kern offers two types of ADR:  Arbitration in cases in which the amount in controversy as to each plaintiff is $50,000 or less; and DRPA mediation services on the day of the hearing, settlement conference or trial.

**Arbitration:**  The Superior Court of California, County of Kern does use Arbitrators in civil cases where the amount in controversy as to each individual plaintiff is $50,000 or less.  The Court may order the parties to Arbitration or the parties may agree to Arbitration any time before the first case management conference statement is filed.
See Local Rule 3.14 at www.kern.courts.ca.gov/local_rules_of_court.

**Dispute Resolution Program Act (DRPA):**  The Superior Court of California, County of Kern also offers mediation services in small claims and unlawful detainer, civil harassment, family law and probate matters.  The Court has contracted with the Better Business Bureau (BBB) under the Dispute Resolution Programs Act (DRPA) to provide these mediation services.  For more information about BBB Mediation Services go to http://go.bbb.org/ccie-mediation.

## ADR Coordinator:
Although complaints about arbitrators and mediators are rare, the Superior Court of California, County of Kern does provide a complaint procedure in our Local Rules, Rule 3.14.7. If you have a complaint or a concern with any of this Court's ADR programs, or simply have a question about ADR, please contact the ADR Administrator at ADRAdministrator@kern.courts.ca.gov or 661-868-5695.

## Resources:
**California Department of Consumer Affairs:  www.dca.ca.gov/consumer/mediation_guides**
**Judicial Branch California Courts – ADR: www.courts.ca.gov/selfhelp-adr.htm**
**ADR Stipulation Form: www.kern.courts.ca.gov/documents/stipulation_and_order_form**

ELECTRONICALLY FILED
9/18/2019 9:59 PM
Kern County Superior Court
By Esmeralda Salinas, Deputy

Ben Rothman, Esq. (SBN 265472)
**LAW OFFICE OF BEN ROTHMAN**
10100 Venice Blvd.
Culver City, CA 90232
Tel:    (310) 717-0539
Fax:    (310) 919-3777
e-mail: ben@santamonicainjurylawyer.com

Attorney for Plaintiff,
JAVIER ESPINOZA

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF KERN

| | |
|---|---|
| JAVIER ESPINOZA, an individual, | Case No: BCV-19-102665 |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | 1. Failure to Provide Meal Periods |
| WASTEQUIP MANUFACTURING COMPANY, LLC, an Ohio limited liability company; and DOES 1 to 50, inclusive, | 2. Failure to Provide Rest Periods |
| Defendants. | 3. Failure to Pay Minimum Wage |
| | 4. Failure to Pay Overtime Wages – Lab. Code §§510(a) & 1194(a) |
| | 5. Failure to Pay Overtime Wages – 29 U.S.C. §§207(a) & 216(b) |
| | 6. Failure to Provide Accurate Wage Statements |
| | 7. Failure to Produce Payroll Records |
| | 8. Failure to Produce Personnel Records |
| | 9. Unfair Business Practices |

**THE PARTIES**

1.     Plaintiff Javier Espinoza is, and at all times relevant herein was, an individual living in the County of Kern, State of California.

2.     Defendant Wastequip Manufacturing Company, LLC (hereinafter "Wastequip" or "Company") is, and all times relevant herein was, a limited liability company organized under the laws of the State of Ohio and doing business in the County of Kern, State of California.

3.     Plaintiff is ignorant of the true names and capacities of defendants Does 1 to 50 and therefore sues them by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities once Plaintiff ascertains them.

4.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Does 1 to 50 were agents, employees, partners, or joint venturers of the other defendants and acted within the course and scope of such agency, employment, partnership, or joint venture.

5.     Plaintiff is informed and believes, and thereon alleges, that Does 1 to 50 are liable for the torts, wage and hour violations, and other wrongs that Plaintiff alleges herein and that such defendants proximately caused Plaintiff's injuries and damages.

**VENUE**

6.     Venue in the County of Kern is proper because that is where at least one defendant resides.

**GENERAL ALLEGATIONS**

7.     Wastequip owned and operated approximately 38 manufacturing plants across the United States at all times relevant herein. The Company fabricated steel and plastic products to collect, handle and transport waste and recyclables. The Company employed thousands of individuals across the country.

8.     Plaintiff was one such individual. Wastequip hired him in or around May 2017 to work as a full-time forklift operator at the Company's new plant in the unincorporated area of Valley Acres. The Company purported to pay him approximately $17 per hour for regular hours. His schedule was grueling: up to six days per week and 12 hours per day.

///

COMPLAINT AND DEMAND FOR JURY TRIAL

2

**Wastequip Fails to Pay for Off-the-Clock Work or Overtime**

9.  Wastequip required Plaintiff to report to work approximately 15 minutes before the start of his shift to open the gate for other employees and to leave work approximately 15 minutes after the end of his shift to close the gate. The Company willfully failed to pay Plaintiff at least minimum wage for such off-the-clock work.

10.  Wastequip's failure to pay Plaintiff for off-the-clock work caused the Company to underpay him for overtime. The Company failed to fully pay him one-and-one-half times his regular rate for all work in excess of eight hours in one workday or 40 hours in one workweek and twice his regular rate for all work in excess of 12 hours in one workday.

**Wastequip Fails to Provide Meal and Rest Periods**

11.  The law required Wastequip to relieve Plaintiff of all duty for meal periods for at least 30 consecutive minutes by the end of his fifth hour of work, and if he worked over 12 hours, by the end of his tenth hour of work. The law also required Wastequip to relieve him of all duty for rest periods for at least 10 consecutive minutes for every four hours or major fraction thereof.

12.  Wastequip failed to provide Plaintiff with proper meal periods. The Company required him to take his first meal break as late as the eighth hour of work. Similarly, Plant Manager Terry Payton and Administrative Assistant Tianna Guzman would interrupt Plaintiff's meal periods by calling him or approaching him in the break room and ordering him back to work.

13.  Wastequip also failed to provide Plaintiff with proper rest periods. The Company required him to take his first rest break and meal break at the same time. In other words, the Company failed to let him take a rest break way late and certainly not as close as was practicable to the middle of the first four hours of work.

**Wastequip Fails to Provide Accurate and Complete Wage Statements**

14.  Wastequip failed to furnish Plaintiff, either semimonthly or at the time of each payment of wages and either separately or as a detachable part of a check, draft, or voucher, with wage statements that accurately and completely showed his total hours of off-the-clock work and thus the total hours that he worked during each per pay period.

///

**COMPLAINT AND DEMAND FOR JURY TRIAL**

3

15.    The omission was no clerical error. Wastequip's failure to furnish Plaintiff with wage statements that completely and accurately showed the total hours that he worked was knowing and intentional. He could not promptly and easily determine how many hours he worked during each pay period by reviewing his wage statements themselves.

### Wastequip Fails to Produce Payroll and Personnel Records

16.    Labor Code section 226 required an employer, for a period of three years, to afford an employee the right to receive a copy of records of deductions from his wages, the inclusive dates of his pay periods, and other information. Section 226 required an employer to provide such records within 21 calendar days of its receipt of an employee's request for same.

17.    Labor Code section 1198.5 required an employer, for a period of three years after an employee's termination, to afford an employee the right to receive a copy of records relating to his performance or to any grievance concerning him. Section 1198.5 required an employer to provide such records within 30 calendar days of its receipt of an employee's request for same.

18.    Plaintiff's attorney mailed Wastequip a request for all of Plaintiff's payroll and personnel records on July 1, 2019. His attorney's request sought copies of Plaintiff's complete "payroll records" and "performance evaluations." Wastequip received the request on or around July 5, 2019. Wastequip produced Plaintiff's payroll and personnel records on August 9, 2019.

### FIRST CAUSE OF ACTION

### Failure to Provide Meal Periods – Lab. Code §226.7

### (Against All Defendants)

19.    Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

20.    Wastequip failed to relieve Plaintiff of all duty for meal periods of at least 30 minutes by the end of the fifth and tenth hours of work.

21.    Wherefore, Wastequip is liable for an additional hour of pay at Plaintiff's regular rate of pay for each workday that Wastequip failed to provide a meal period.

///

///

**COMPLAINT AND DEMAND FOR JURY TRIAL**

4

1

## SECOND CAUSE OF ACTION

### Failure to Provide Rest Periods – Lab. Code §226.7

#### (Against All Defendants)

22. Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

23. Wastequip failed to relieve Plaintiff of all duty for rest periods of not less than 10 minutes every four hours of work or major fraction thereof.

24. Wherefore, Wastequip is liable for an additional hour of pay at Plaintiff's regular rate of pay for each workday that Wastequip failed to provide a rest period.

## THIRD CAUSE OF ACTION

### Failure to Pay Minimum Wage – Lab. Code §§1194 & 1194.2

#### (Against All Defendants)

25. Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

26. Wastequip failed to pay Plaintiff the statewide minimum wage for each hour of off-the-clock work.

27. Wherefore, Plaintiff seeks all unpaid minimum wage compensation (plus interest) and liquidated damages equal thereto, together with reasonable attorney's fees and costs.

## FOURTH CAUSE OF ACTION

### Failure to Pay Overtime Wages – Lab. Code §§510(a) & 1194(a)

#### (Against All Defendants)

28. Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

29. Wastequip failed to pay Plaintiff one-and-a-half times his regular rate for work in excess of eight hours in one workday or the first eight hours of the seventh day of the workweek.

30. Wastequip failed to pay Plaintiff one-and-a-half times his regular rate for work in excess of 40 hours in one workweek.

///

COMPLAINT AND DEMAND FOR JURY TRIAL

31. Wastequip failed to pay Plaintiff twice his regular rate for work in excess of 12 hours in one workday and/or eight hours on the seventh consecutive day of the workweek.

32. Wherefore, Plaintiff seeks all unpaid overtime compensation (plus interest), reasonable attorney's fees, and costs.

### FIFTH CAUSE OF ACTION

**Failure to Pay Overtime Wages – 29 U.S.C. §§207(a) & 216(b)**

**(Against All Defendants)**

33. Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

34. Wastequip failed to pay Plaintiff one-and-a-half times his regular rate for all work in excess of 40 hours in one workweek.

35. Wherefore, Wastequip is liable for all unpaid overtime wages (plus interest), liquidated damages equal thereto, reasonable attorney's fees, and costs.

### SIXTH CAUSE OF ACTION

**Failure to Provide Accurate Wage Statements – Lab. Code §226(a)**

**(Against All Defendants)**

36. Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

37. Wastequip failed to furnish Plaintiff with wage statements that accurately and completely showed the total hours that he worked.

38. Plaintiff could not promptly and easily determine all such information from his wage statements alone.

39. Wastequip's failure to furnish Plaintiff with accurate and complete wage statements was knowing and intentional.

40. Wastequip's knowing and intentional failure to furnish Plaintiff with accurate and complete wage statements injured him.

41. Wherefore, Plaintiff seeks actual damages or a maximum aggregate penalty of $4,000 (whichever is greater), plus reasonable attorney's fees and costs.

1

2

3

**SEVENTH CAUSE OF ACTION**

**Failure to Produce Payroll Records – Lab. Code §226**

**(Against All Defendants)**

4   42.   Plaintiff re-states and incorporates by reference each of the foregoing allegations

5   as though fully set forth herein.

6   43.   Plaintiff, through counsel, mailed Wastequip a written request for his complete

7   payroll records on July 1, 2019.

8   44.   Wastequip received Plaintiff's written request for his payroll records on or around

9   July 5, 2019.

10   45.   Wastequip failed to provide copies of Plaintiff's payroll records within 21 calendar

11   days of its receipt of his records request.

12   · 46.   Wherefore, Plaintiff seeks a $750 penalty, injunctive relief, reasonable attorney's

13   fees, and costs of suit.

14

15

16

**EIGHTH CAUSE OF ACTION**

**Failure to Produce Personnel Records – Lab. Code §1198.5**

**(Against All Defendants)**

17   47.   Plaintiff re-states and incorporates by reference each of the foregoing allegations

18   as though fully set forth herein.

19   48.   Plaintiff, through counsel, sent Wastequip a written request for his complete

20   personnel records on July 1, 2019.

21   49.   Wastequip received Plaintiff's written request for his payroll records on or around

22   July 5, 2019.

23   50.   Wastequip failed to provide copies of Plaintiff's personnel records within 30

24   calendar days of its receipt of his records request.

25   51.   Wherefore, Plaintiff seeks a $750 penalty, injunctive relief, reasonable attorney's

26   fees, and costs of suit.

27   ///

28   ///

**COMPLAINT AND DEMAND FOR JURY TRIAL**

7

1

## NINTH CAUSE OF ACTION

2 **Unfair, Unlawful, and/or Fraudulent Business Practices – Bus. & Prof. Code §17200**

3 **(Against All Defendants)**

4        52.     Plaintiff re-states and incorporates by reference each of the foregoing allegations

5 as though fully set forth herein.

6        53.     Wastequip committed the following unfair, unlawful, and/or fraudulent business

7 acts and practices:

8                a.     Wastequip violated Labor Code section 226.7(b) and Wage Order 4,

9                       section 11(A) by failing to provide Plaintiff with meal periods.

10               b.     Wastequip violated Labor Code section 226.7(b) and Wage Order 4,

11                      section 12(A) by failing to provide Plaintiff with rest periods.

12               c.     Wastequip violated Labor Code section 226.7(c) and Wage Order 4, section

13                      11(B) by failing to pay Plaintiff premiums for meal period violations.

14               d.     Wastequip violated Labor Code section 226.7(c) and Wage Order 4, section

15                      12(B) by failing to pay Plaintiff premiums for rest period violations.

16               e.     Wastequip violated the Fair Labor Standards Act (FLSA), 29 U.S.C.

17                      §§201-219, by failing to pay Plaintiff for all weekly overtime hours.

18               f.     Wastequip violated Labor Code sections 510(a) and 1194(a) and Wage

19                      Order 4, section 3(A) by failing to pay Plaintiff for all overtime hours.

20               g.     Wastequip violated Labor Code sections 1182.12 and 1194(a) and Wage

21                      Order 4, section 4(A) by failing to pay Plaintiff the minimum wage.

22       54.     Wherefore, Plaintiff seeks restitution, a declaratory judgment, and injunctive relief

23 to stop Wastequip's unfair, unlawful, and/or fraudulent business acts and practices.

24

## PRAYER

25       WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

26 **As to the First Cause of Action**

27       1.     For $10,000 in meal period premiums. (Lab. Code §226.7(c).)

28 ///

**COMPLAINT AND DEMAND FOR JURY TRIAL**

8

**As to the Second Cause of Action**

2.    For $10,000 in rest period premiums. (Lab. Code §226.7(c).)

**As to the Third Cause of Action**

3.    For $7,500 in unpaid minimum wage compensation and interest thereon. (Lab. Code §1194(a).)

4.    For $7,500 in liquidated damages, i.e., an equal to all unpaid minimum wage compensation and interest thereon. (Lab. Code §1194.2(a).)

5.    For reasonable attorney's fees and costs. (Lab. Code §1194(a).)

6.    For interest at the maximum legal rate of 10% per annum. (Lab. Code §218.6.)

**As to the Fourth Cause of Action**

7.    For $7,500 in unpaid overtime compensation and interest thereon. (Lab. Code §1194(a).)

8.    For reasonable attorney's fees and costs. (Lab. Code §1194(a).)

9.    For interest at the maximum legal rate of 10% per annum. (Lab. Code §218.6.)

**As to the Fifth Cause of Action**

10.    For $7,500 in unpaid weekly overtime wage compensation and interest thereon. (29 U.S.C. §207(a).)

11.    For $7,500 in liquidated damages, i.e., an amount equal to all unpaid weekly overtime wage compensation and interest thereon. (29 U.S.C. §216(b).)

12.    For reasonable attorney's fees and costs. (29 U.S.C. §216(b).)

**As to the Sixth Cause of Action**

13.    For the greater of (1) all actual damages or (2) penalties of $50 for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, but no less than the maximum aggregate penalty of $4,000. (Lab. Code §226(e)(1).)

14.    For preliminary and permanent injunctive relief. (Lab. Code §226(h).)

15.    For reasonable attorney's fees and costs. (Lab. Code §226(e)(1).)

**As to the Seventh Cause of Action**

16.    For a $750 penalty. (Lab. Code §226(f).)

COMPLAINT AND DEMAND FOR JURY TRIAL

1    17.    For preliminary and permanent injunctive relief. (Lab. Code §226(h).)

2    18.    For reasonable attorney's fees and costs. (Lab. Code §226(e)(1).)

3    **As to the Eighth Cause of Action**

4    19,    For a $750 penalty. (Lab. Code §1198.5(k).)

5    20.    For preliminary and permanent injunctive relief. (Lab. Code §1198.5(*l*).)

6    21.    For reasonable attorney's fees and costs. (Lab. Code §1198.5(*l*).)

7    **As to the Ninth Cause of Action**

8    22.    For $45,000 in restitution. (Bus. & Prof. Code §17203.)

9    23.    For a declaratory judgment. (Bus. & Prof. Code §17203.)

10    24.    For preliminary and permanent injunctive relief. (Bus. & Prof. Code §17203.)

11    **As to All Causes of Action**

12    25.    For costs of suit.

13    26.    For reasonable attorney's fees.

14    27.    For pre-judgment interest to the maximum extent that the law allows.

15    28.    For such other and further relief as the Court may deem proper.

16

17    Date: September 18, 2019              **LAW OFFICE OF BEN ROTHMAN**

18

19                                          Ben Rothman, Esq.
20                                          Attorney for Plaintiff,
                                            JAVIER ESPINOZA
21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2    Plaintiff demands a jury trial.

3

4    Date: September 18, 2019                **LAW OFFICE OF BEN ROTHMAN**

5

6                                            Ben Rothman, Esq.
                                             Attorney for Plaintiff,
7                                            JAVIER ESPINOZA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

**ELECTRONICALLY FILED**
**11/7/2019 1:05 PM**
**Kern County Superior Court**
**By Vanesa Jackson, Deputy**

Rafael Nendel-Flores., SBN: 223358
Guillermo Tello, Esq., SBN: 277896
Marina Samson, Esq., SBN: 315024
**CLARK HILL LLP**
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Telephone:    (213) 891-9100
Facsimile:    (213) 488-1178
RNendelflores@ClarkHill.com
GTello@ClarkHill.com
MSamson@ClarkHill.com

Attorneys for Defendant
WASTEQUIP MANUFACTURING
COMPANY, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF KERN

| | |
|---|---|
| JAVIER ESPINOZA, AN INDIVIDUAL,<br><br>       Plaintiff,<br><br>   vs.<br><br>WASTEQUIP MANUFACTURING COMPANY, LLC, AN OHIO LIMITED LIABILITY COMPANY; AND DOES 1 TO 50, INCLUSIVE,<br><br>       Defendants. | **Case No.:  BCV-19-102665**<br><br>*Assigned for all purposes to Hon. Thomas S. Clark*<br>Dept.: 17<br><br>**DEFENDANT WASTEQUIP MANUFACTURING COMPANY, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>Action Filed:    September 19, 2019<br>Trial Date:     None Set |

Defendant WASTEQUIP MANUFACTURING COMPANY, LLC ("Defendant" or "Wastequip") hereby responds to Plaintiff's Complaint for damages ("Complaint") as follows:

## GENERAL DENIAL

The Complaint being unverified and pursuant to Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each, every and all of the allegations in the Complaint and specifically denies that they did or failed to do anything which in any way

1

caused or contributed to the accident, event, episode, injuries, if any, or damages, if any, either as alleged, otherwise or at all; and specifically denies that Plaintiff has been or will be damaged in any sum or sums, either as alleged, otherwise or at all.

## AFFIRMATIVE DEFENSES

Additionally, Defendant asserts the below affirmative defenses, based on information and belief, to preserve issues and not to constitute admissions or to shift any evidentiary burdens of proof or production. Therefore, without waiving or excusing Plaintiff's own, and respective, burdens of proof and production of evidence, Defendant further alleges as and for its affirmative defenses to all causes of action asserted against it in the Complaint:

## FIRST AFFIRMATIVE DEFENSE

1.      The Complaint and each cause of action alleged therein are barred because this Court lacks subject matter jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

2.      The causes of action alleged in the Complaint, or some of them, are barred by the applicable statutes of limitation, including, without limitation, *Code of Civil Procedure* sections 335.1, 337, 338, 339, 340 and 343*; Labor Code* section 203; and *Business and Professions Code* section 17208.

## THIRD AFFIRMATIVE DEFENSE

3.      This action, including all causes of action alleged in the Complaint, are subject to an enforceable binding arbitration agreement entered into between the parties, and bars this civil action. Therefore, pursuant to the California Arbitration Act (Code of Civil Procedure section 1280 et seq.) and the Federal Arbitration Act (9 U.S.C. sections 1-14), this action must be compelled in its entirety to private binding arbitration.

## FOURTH AFFIRMATIVE DEFENSE

4.      The Complaint and each cause of action alleged therein are barred by the doctrine of estoppel, release, and unclean hands.

1

**FIFTH AFFIRMATIVE DEFENSE**

2

5. The Complaint and each cause of action alleged therein are barred by the doctrines

3

of laches and waiver.

4

**SIXTH AFFIRMATIVE DEFENSE**

5

6. Plaintiff, by the exercise of reasonable effort and/or care, could have mitigated the

6

amount of damages alleged to have been suffered, but Plaintiff has failed, neglected and refused,

7

and continues to fail, neglect and refuse to exercise a reasonable effort to mitigate any and all

8

damages.

9

**SEVENTH AFFIRMATIVE DEFENSE**

10

7. Defendant alleges that Plaintiff's Complaint should be dismissed, in whole or in

11

part, because Plaintiff has been paid in full for all hours worked and compensation owed to

12

him, to include regular wages, overtime wages and commissions at issue and the parties have

13

reached an accord and satisfaction.

14

**EIGHTH AFFIRMATIVE DEFENSE**

15

8. The Complaint is barred because Plaintiff failed to perform the necessary

16

conditions to give rise to an obligation by Defendant to pay any of the claimed wages, including

17

the obligations and pertinent duties pursuant to California *Labor Code* sections 2856 and 2857.

18

**NINTH AFFIRMATIVE DEFENSE**

19

9. Plaintiff is barred from recovering for alleged violations of *Labor Code* §§ 226.7

20

and/or 512 to the extent that he failed to take meal and/or rest periods in accordance with the

21

reasonable expectations of his employer.

22

**TENTH AFFIRMATIVE DEFENSE**

23

10. Plaintiff's rest period claim fails because Plaintiff was authorized and permitted to

24

take rest periods as required by § 12 of the applicable Wage Order of the Industrial Welfare

25

Commission and because Defendant did not deny or prevent Plaintiff the opportunity to take rest

26

periods, to the extent Plaintiff was ever entitled to them.

27

28

DEFENDANT WASTEQUIP MANUFACTURING COMPANY, LLC'S ANSWER
TO PLAINTIFF'S COMPLAINT

1

## ELEVENTH AFFIRMATIVE DEFENSE

2

11.    Plaintiff's claims are barred, in whole or in part, by his waiver of the right to meal

3

and/or rest breaks in accordance with applicable law.

4

## TWELFTH AFFIRMATIVE DEFENSE

5

12.    The Complaint, and each cause of action therein, fails to state a claim for penalties

6

under California *Labor Code* section 203 because there is a good-faith dispute as to Defendant's

7

obligation to pay any wages that may be found to be due.

8

## THIRTEENTH AFFIRMATIVE DEFENSE

9

13.    Plaintiff's claim under the *Business and Professions Code* is barred, in whole or in

10

part, by the damages limitation set forth in California *Business and Professions Code* section

11

17200.

12

## FOURTEENTH AFFIRMATIVE DEFENSE

13

14.    The cause of action brought under Cal. Bus. & Prof. Code §§ 17200, *et seq.* is

14

barred insofar as it is unconstitutionally vague under the Due Process Clause of the Fourteenth

15

Amendment to the United States Constitution and Article 1, Section 7, of the Constitution of the

16

State of California.

17

## FIFTEENTH AFFIRMATIVE DEFENSE

18

15.    Defendant alleges that Plaintiff lacks standing to bring a cause of action based on

19

Cal. Bus. & Prof. Code §§ 17200, *et seq.* because his claims are individual in nature and no

20

alleged act or omission of Defendant harmed or threatened harm to the public or the public

21

interest, and to the extent Plaintiff is not currently employed by Defendant.

22

## SIXTEENTH AFFIRMATIVE DEFENSE

23

16.    Defendant alleges that Plaintiff's cause of action based on Cal. Bus. & Prof. Code

24

§§ 17200, *et seq.*, as well as any other request for equitable relief, is barred because Plaintiff has

25

an adequate remedy at law.

26

## SEVENTEENTH AFFIRMATIVE DEFENSE

27

17.    Defendant alleges Plaintiff's cause of action based on Cal. Bus. & Prof. Code

28

§§ 17200, *et seq.*, is barred because Defendant's actions were not unfair, fraudulent, nor likely to

mislead; its conduct and dealings were lawful and carried out in good faith and for legitimate business purposes; and the benefits of the purportedly unlawful practices alleged by Plaintiff outweigh whatever harm or negative impact Plaintiff contends the practices caused.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     The alleged damages, injuries, and/or losses suffered by Plaintiff, if any, proximately resulted from the negligence of parties, persons, and/or entities other than Defendant, and Defendant's liability, if any, is limited in direct proportion to the percentage of fault actually attributable to Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's claim for waiting time penalties pursuant to Labor Code section 203 *et seq.* is barred because Defendant did not willfully withhold wages over which there was no good faith dispute and in fact, acted at all times with the good faith belief that Plaintiff was compensated as required by law.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims are barred, in whole or in part, to the extent that he is seeking multiple penalties or remedies for the same conduct.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     The Complaint, including each purported cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Defendant alleges that the imposition of any statutory and/or civil penalties would violate their rights, including the right to due process and equal protection, under the California and United States Constitutions and other laws.

## TWENTY -THIRD AFFIRMATIVE DEFENSE

23.     Plaintiff is not entitled to recover any award of penalties as alleged in the Complaint to the extent that such an award would be unjust, arbitrary, oppressive, or confiscatory.

DEFENDANT WASTEQUIP MANUFACTURING COMPANY, LLC'S ANSWER
TO PLAINTIFF'S COMPLAINT

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.    Plaintiff's claims for injunctive or declaratory relief are barred because he has adequate remedies at law.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25.    Plaintiff's claims are barred in whole or in part by the principles of accord and satisfaction, and payment.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26.    Plaintiff's claims are barred to the extent that he has released any of his purported claims against Defendant.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27.    If any damages have been sustained by Plaintiff, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

**RIGHT TO ADD ADDITIONAL AFFIRMATIVE DEFENSES**

Because Plaintiff's claims are couched in broad and conclusory terms, and Defendant has not completed its investigation and discovery regarding the facts and claims asserted by Plaintiff, Defendant cannot fully anticipate all defenses that may be applicable to this action.  Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.  Defendant will move to amend its Answer, if necessary, to allege new affirmative defenses as they are ascertained or according to proof at time of trial.

**WHEREFORE**, these answering Defendant prays for relief as follows:

1.  That Plaintiff take nothing by way of this action;

2.  That this action be dismissed in its entirety with prejudice;

3.  That judgment be entered in favor of Defendant and against Plaintiff;

4.  For an award of Defendant's costs of suit and attorneys' fees incurred herein; and

5.  For such other and further relief as the Court deems just and proper.

DATED:  November 7, 2019          CLARK HILL

By: _____

    Rafael Nendel-Flores
    Guillermo M. Tello
    Marina Samson
    Attorneys for Defendant
    WASTEQUIP MANUFACTURING
    COMPANY, LLC

DEFENDANT WASTEQUIP MANUFACTURING COMPANY, LLC'S ANSWER
TO PLAINTIFF'S COMPLAINT

1

## PROOF OF SERVICE

2

3
*Javier Espinoza v. Wastequip Manufacturing Company, LLC*
*Kern County Superior Court, Case No.: BCV-19-102665*

4

5
      I am a citizen of the United States and resident of the State of California.  I am employed in Los Angeles, State of California, in the office of a member of the bar of this Court, at whose direction the service was made.  I am over the age of eighteen years and not a party to the within action.

6
      On November 7, 2019, I served the following documents in the manner described below:

7

8
**DEFENDANT WASTEQUIP MANUFACTURING COMPANY, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

9

☑    (BY U.S. MAIL)  I am personally and readily familiar with the business practice of Clark Hill LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California.

10

11

12
☐    (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

13
☐    (BY OVERNIGHT MAIL)  I am personally and readily familiar with the business practice of Clark Hill LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

14

15

16
☐    BY ELECTRONIC SERVICE:  By electronically mailing a true and correct copy through Clark Hill LLP's electronic mail system from LReimbold@ClarkHill.com / HHammad@clarkhill.com to the email addresses set forth below.

17

18
☐    (BY PERSONAL DELIVERY) I caused such envelope to be delivered by hand to the offices of each addressee below.

19
On the following part(ies) in this action:

20

21
Ben Rothman, Esq.
**Law Office of Ben Rothman**
10100 Venice Blvd
Culver City, CA 90232
Telephone: (310) 717-0539
Facsimile: (310) 919-3777
Email: ben@santamonicainjurylawyer.com

22

23

24
*Attorneys for Plaintiffs*

25

26
      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

27
      Executed on November 7, 2019, at Los Angeles, California.

28

Hiba Akmal