# EXHIBIT A

# **CONFIDENTIAL SETTLEMENT AGREEMENT**
# **AND RELEASE**

This Confidential Settlement Agreement and Release ("Agreement") is made and entered into by and between JAVIER ESPINOZA (hereinafter "ESPINOZA"), on the one hand, and WASTEQUIP MANUFACTURING COMPANY, LLC and its former and current employees, agents, principals, officers, directors, shareholders, investors, affiliated, related, parent company, subsidiaries, insurers, attorneys, accountants, trustees, representatives, businesses, predecessors, successors, subrogees, assigns and fiduciaries, and all other individuals, firms, or corporations with whom any of the former have been, are now or may hereafter be affiliated (hereinafter all collectively "WASTEQUIP"), on the other hand. ESPINOZA and WASTEQUIP are referred to individually as "Party" and collectively as the "Parties" in this Agreement.

## **1.0   RECITALS**

1.1   WASTEQUIP asserts that, throughout ESPINOZA'S employment with WASTEQUIP, it always provided ESPINOZA with compliant meal and rest breaks, properly compensated him for any and all time worked, including overtime, and issued him accurate and compliant wage statements. ESPINOZA disputes WASTEQUIP'S assertion.

1.2 On September 19, 2019, ESPINOZA filed a Complaint against WASTEQUIP in the Superior Court of California County of Kern, titled, *Javier Espinoza v. Wastequip Manufacturing Company, LLC* Case No. BCV-19-102665, seeking damages for: (1) Failure to Provide Meal Periods; (2) Failure to Provide Rest Periods; (3) Failure to Pay Minimum Wage; (4) Failure to Pay Overtime Wages – Lab. Code §§510(a) & 1194(a); (5) Failure to Pay Overtime Wages – 29 U.S.C. §§207(a) & 216(b); (6) Failure to Provide Accurate Wage Statements; (7) Failure to Produce Payroll Records; (8) Failure to Produce Personnel Records; and (9) Unfair Business Practices. The damages ESPINOZA sought to recover in this action included: wages allegedly owed, premiums, penalties, liquidated damages, interest at the legal rate, and attorney's fees and costs.

1.3   On November 17, 2019, WASTEQUIP filed an Answer to ESPINOZA'S Complaint asserting a general denial and affirmative defenses to all causes of action.

1.4   On February 10, 2020 WASTEQUIP removed this matter to federal court on the basis of diversity jurisdiction and ESPINOZA did not move for remand. On February 11, 2020, the Kern County Superior Court vacated the state case titled *Javier Espinoza v. Manufacturing Company, LLC* Case No. BCV-19-102665.

1.5   As of February 11, 2020, the matter is under the jurisdiction of the United States District Court, Eastern District Court of California, Case No. 1:20-CV-00211-AWI-JLT before Magistrate Judge Jennifer L. Thurston (hereinafter the "Action").

1.6   By this Agreement, the Parties wish to settle and dispose of, fully and completely, any and all claims, demands, rights and causes of action between them in existence at any and all times through and including the date when all Parties execute this Agreement ("Effective Date"), regarding any and all matters whatsoever, including without limitation any connected with or incidental to the Action, the alleged employment or other relationship, or termination or reinstatement of the alleged employment or other relationship, between the Parties, any and all

dealings of any kind between the Parties and any and all claims, demands and causes of action asserted or which could have been asserted by ESPINOZA against WASTEQUIP as of or at any time before the Effective Date (hereinafter "the Claim").

1.7   WASTEQUIP denies any and all liability to ESPINOZA in connection with, related to, or arising out of the Action and the Claim.

THEREFORE, in consideration of the covenants and promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, in order to avoid litigation, and without any admission of liability by WASTEQUIP, the Parties agree as follows.

## 2.0   SETTLEMENT PAYMENT AND WITHHOLDINGS

2.1   Upon condition of and in consideration of the Release and Discharge provisions set forth herein and all other conditions and covenants set forth in this Agreement, and inclusive of all claims of ESPINOZA against WASTEQUIP, WASTEQUIP will pay the total settlement sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00), (hereinafter "the Settlement Funds"), within fifteen (15) days of the execution of this Agreement and the receipt by WASTEQUIP of W-9 forms for ESPINOZA and ESPINOZA'S counsel, the Law Offices of Ben Rothman, as follows:

- $3,797.25 made payable to JAVIER ESPINOZA as and for his claim of lost wages, income, and any and all other compensation claimed in the Action, less all applicable withholdings, taxes, contributions and /or payroll deductions. The payment will be reported to taxing authorities as required by law, including on an IRS form W-2.

- $11,391.75 made payable to JAVIER ESPINOZA as and for all his non-wage claims. Payment of this amount will be reported to taxing authorities as required by law, including on an IRS form 1099.

- $9,811.00 made payable to "Law Office of Ben Rothman," as and for attorney's fees and costs. Payment of this amount will be reported to taxing authorities as required by law, including on an IRS form 1099.

2.2   WASTEQUIP and its representatives, agents, accountants or attorneys have not made and do not make by this Agreement any representation to ESPINOZA or his counsel regarding the taxable nature or taxability, if any, of the settlement proceeds or the Settlement Funds in any part. ESPINOZA is directed to seek tax advice from a qualified CPA or attorney prior to signing this Agreement. ESPINOZA shall be solely responsible for any and all tax liabilities, if any, arising from the payments provided by this Agreement in whole and in each part. WASTEQUIP shall issue the appropriate IRS form(s) reflecting the payment(s) described herein.

2.3   The Parties agree that this Agreement provides ESPINOZA sums and other benefits to which he is not otherwise entitled, including without limitation the Settlement Funds.

2.4    ESPINOZA understands and agrees that WASTEQUIP shall have no further financial obligation to him whatsoever, other than as may be expressly set forth in this Agreement.

2.5    Within five days of the signing of this Agreement, ESPINOZA will deliver to WASTEQUIP'S attorneys of record: Guillermo M. Tello/Yesi Lagunas: 1) Fully executed Joint Stipulation for Approval of Settlement Agreement and Request for Dismissal with prejudice to be filed with the United States District Court, Eastern District Court of California. WASTEQUIP'S attorneys of record will hold the Joint Stipulation for Approval of Settlement Agreement and Request for Dismissal until after ESPINOZA'S receipt of the Settlement Funds, at which time such document may be filed with the court immediately.

## 3.0    GENERAL RELEASE AND DISCHARGE

3.1    In consideration for the promises and covenants set forth in this Agreement, ESPINOZA releases and forever discharges WASTEQUIP from any and all past, present and future claims, demands, obligations, actions, causes of actions, rights, damages, costs, losses of services, wages, costs, expenses and compensation of every nature whatsoever, whether based in tort, contract, equity, any statutory grounds or any other theory of recovery, in existence at any time through and including the Effective Date of this Agreement regarding any and all acts, omissions, transactions, injuries, damages and subject matters whatsoever, including without limitation all matters arising out of: (1) ESPINOZA'S employment relationship with WASTEQUIP and the rights, duties, and obligations arising out of any such relationship; and, (2) the Action and the Claim, and any charge, claim or cause of action that was or could have been brought or filed in relation to the Action and the Claim, and any state or federal lawsuit or governmental agency complaint which arose out of, or could have arisen out of, the Action or the Claim (hereinafter collectively and singularly referred to as the "Released Matters").

3.2    Without in any way limiting the generality of the foregoing, ESPINOZA expressly acknowledges that the Released Matters, further, include without limitation: (1) all claims for wrongful termination in violation of public policy; (2) any and all claims of discrimination, retaliation, harassment, failure to prevent harassment or discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and all other violations under any local, state or federal law, regulation or ordinance; including, but not limited to: Title VII of the Civil Rights Act; the Americans with Disabilities Act; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act of 1990; the Family and Medical Leave Act; the National Labor Relations Act; the Consolidated Omnibus Budget Reconciliation Act of 1985; the California Fair Employment and Housing Act; Gov. Code §12940 et seq. and the Fair Labor Standards Act; the Rehabilitation Act; Executive Order 11246; Executive Order 11141; the Federal Worker Adjustment and Retraining Notification Act; the California Worker Adjustment and Retraining Notification Act; the California Family Rights Act; the California Industrial Welfare Commission Wage Orders; the California Labor Code (with the exception of claims under the California Workers Compensation Act); (3) all claims for breach of express, oral and implied contract, breach of the covenant of good faith and fair dealing, estoppel, negligence, violation of public policy, negligent and intentional infliction of emotional distress, negligent or intentional misrepresentation, negligent or intentional interference with contractual relations or prospective economic advantage, defamation, invasion of privacy, libel, slander, fraud, failure to prevent and remedy harassment and retaliation, failure to accommodate; (4) all claims for misclassification as an independent contractor, severance pay, wages, overtime wages, failure to provide paystubs in

compliance with state or federal law, bonuses, sick leave, personal leave, vacation pay, holiday pay, life or health insurance, and any other fringe benefit; and (5) all civil and statutory penalties of any kind under federal, state, or local law. Specifically exempted are claims for unemployment benefits, worker's compensation, ERISA, and any other claims that are unwaivable by law.

3.3   ESPINOZA further releases and forever discharges, as set forth in Paragraphs 3.1 and 3.2, WASTEQUIP'S former and current employees, agents, principals, officers, directors, shareholders, investors, affiliated, related, parent company, subsidiaries, insurers, attorneys, accountants, trustees, representatives, businesses, predecessors, successors, subrogees, assigns and fiduciaries, and all other individuals, firms, or corporations with whom any of the former have been, are now or may hereafter be affiliated with WASTEQUIP.

3.4   ESPINOZA acknowledges and agrees that the release and discharge set forth in this section 3 is a full and complete general release. ESPINOZA waives and assumes the risk of any and all claims for damages which exist as of the Effective Date, but of which ESPINOZA does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect the Parties' decision to enter into this Agreement. ESPINOZA understands and agrees that this is a full and final release of all claims and causes of action of every nature and kind whatsoever, specifically including any and all liens, known and unknown, and releases claims that are known and unknown, suspected and unsuspected. This release is given in exchange for the consideration identified in this Agreement, which is material. Accordingly, ESPINOZA hereby waives and relinquishes any and all rights and benefits which he may otherwise have pursuant to California Civil Code, Section 1542 which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

3.5   ESPINOZA further agrees to, and agrees to accept, the payment of the Settlement Funds set forth in Paragraph 2.1 as a complete compromise of all matters involving disputed issues of law and fact with respect to the Released Matters. ESPINOZA assumes the risk that the facts or law may be other than he believes.

3.6   This settlement is a compromise of all disputed claims between the Parties. Neither any Party's entry into this Agreement nor the payment of the Settlement Funds may be construed in any forum as an admission of liability on the part of WASTEQUIP, by whom liability is denied.

**4.0   ATTORNEY'S FEES AND COSTS, ETC.**

Other than as may be expressly provided to the contrary in this Agreement, each Party shall bear their own attorney's fees and costs arising from the actions of their counsel in connection with the Action, the Claim, the Agreement, the Released Matters, the matters and documents referred to herein and all related matters. ESPINOZA acknowledges that any and all attorney's fees to which he may otherwise be entitled by law, if any, have been taken into account and are

included in the Settlement Funds, and settled. To the extent that the Settlement Funds are paid, in whole or in part, to ESPINOZA'S attorneys, as set forth in section "2.1" of this Agreement, such payment is made as a courtesy and shall not be deemed or construed as an admission that ESPINOZA was entitled to recover attorney's fees and costs against WASTEQUIP. Neither Party is a prevailing party for any purpose.

**5.0     COVENANT NOT TO SUE/COOPERATE**

5.1     ESPINOZA agrees that he shall not knowingly, directly or indirectly, file, initiate, instigate, maintain or prosecute any claim, action, suit or other proceeding of any kind on any claim released by this Agreement or which arises from any acts or omissions occurring on or before the Effective Date. This Agreement shall constitute a full and complete defense and bar to, and may be used as the basis for an injunction against, any action, suit, administrative claim or other proceeding threatened, brought or maintained in breach of this section 5.

5.2     ESPINOZA promises not to file a lawsuit against any Party for any matters related to or arising out of the facts of the Claim as raised in the Action. ESPINOZA promises not to accept any monetary relief awarded to him for any Claim arising out of the Action, including attorneys' fees, and ESPINOZA assigns any right to receive such relief to WASTEQUIP, other than as otherwise set forth in this Agreement.

5.3     ESPINOZA agrees he has no open claims or charges with any governmental agency against WASTEQUIP, and agrees to cause any pending claims or charges with any government agency against WASTEQUIP to be dismissed with prejudice.

5.4     At all times hereafter, ESPINOZA shall not, directly or through any person, make any statement, publication, post or communication to any person, whether verbally, in writing, by email, electronically, online or otherwise that disparages WASTEQUIP, whether personally, in their business affairs or otherwise.

**6.0     REPRESENTATION OF COMPREHENSION OF DOCUMENTS**

6.1     Each Party represents and warrants to the other that they have been advised to consult counsel prior to entering into this Agreement; that they have had the time, funds and ability to obtain any and all advice desired regarding this Agreement from attorneys and CPAs of the Party's choosing concerning the legal and tax consequences of this Agreement; that the Party has, in fact, obtained all such advice desired; that the Party has had an opportunity to question their attorneys about the terms and consequences of this Agreement; that the Party has read this Agreement and understands it and its consequences; and, that the terms of this Agreement express the Party's wishes and are fully understood and voluntarily accepted by said Party, without fraud, undue influence or coercion by any person or circumstance. Each Party represents and warrants to the other that they are of sound mind and body and competent to enter into this Agreement.

6.2     Each Party represents and warrants to the other that they conducted in full the investigation desired in relation to the claims, potential claims and defenses between the Parties and this Agreement, and obtained, reviewed and considered all advice, documents and information relevant to entry into this Agreement.

6.3     Each Party represents and warrants to the other that, except as expressly set forth in this Agreement, no representations or promises have been made to them, or by or on behalf of them, to induce their entry into this Agreement.

**7.0     WARRANTY OF CAPACITY TO EXECUTE AGREEMENT**

Each Party represents and warrants to the other that no other person or entity has, or has had, any interest in the claim, demand, obligations, or causes of action being released by them, except as otherwise set forth herein; that each Party has the sole right and exclusive authority to execute this Agreement and receive the sums specified, and that each Party has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, potential claims, demand, obligations, or causes of action being released by them.

**8.0     CONFIDENTIALITY AND NON-DISPARAGEMENT**

8.1     To the extent permitted by law, confidentiality of this Agreement is to be maintained by all Parties.

8.2     Payment of the Settlement Funds set forth in Paragraph 2.1 above contemplates maintaining the confidentiality of the terms of this Agreement to the fullest extent permitted by law. Specifically, at all times hereafter, the amounts paid as and for the Settlement Funds described in paragraph 2.1 shall be kept confidential on a going forward basis. The settlement amount outlined in paragraph 2.1 specifically includes consideration for this confidentiality.

8.3     The Parties understand and agree that it is their intent that Paragraph 8 of this Agreement is be construed as fully consistent with California Code of Civil Procedure Section 1001.

8.4     At all times hereafter, each of the Parties shall keep confidential the fact and terms of this Agreement, and ESPINOZA'S underlying allegations against Releasees, on a going forward basis. The settlement amount outlined paragraph 2.1 specifically includes consideration for such confidentiality. Each Party, further, represents and warrants to the other Party that, prior to entering into this Agreement, they did not disclose to any person the terms of this Agreement or ESPINOZA'S underlying allegations against Releasees, other than each Party's disclosures to their counsel, CPAs, and immediate family members, each of whom the disclosing Party has instructed to keep confidential the information disclosed. As the sole exceptions to each Party's obligation of confidentiality, each Party may disclose such confidential information: (i) upon the express written consent of the other Party to this Agreement; (ii) as required by an order of a court of competent jurisdiction and after 10 days advance written notice to the other Party; (iii) to the extent disclosure is reasonably necessary for the purposes of tax, governmental or regulatory reporting, obtaining or maintaining insurance coverage or enforcing or remedying a breach of any term or provision of this Agreement; and (iv) to the extent reasonably necessary for WASTEQUIP to address and defend itself against any litigation. The representations and covenants in this paragraph are essential and material to the Parties to this Agreement, and the Parties would not have entered into this Agreement had these representations and covenants not been included with the other commitments in this Agreement.

Initials: ____

8.5     Other than as provided in the exceptions set forth in section 8.4, above, each Party may advise third parties with respect to the dispute between the Parties only that, "The matter has been resolved" or words to that effect.

8.6     ESPINOZA'S counsel agrees to keep confidential the fact of and terms of this settlement from any third party, aside from any referring attorneys and its office assistants, except as otherwise permitted and required by law pursuant to section 8.4 of this Agreement.

8.7     ESPINOZA agrees that he will not make any derogatory, negative or disparaging comments to any person or entity concerning Respondent (including any of its current or former employees, officers, board members, predecessors, successors, and assigns) or Claimant's employment with WASTEQUIP either orally or in any written form, including by electronic means.

8.8     ESPINOZA has agreed that the penalty for each breach in violation of Paragraph 8, as determined by A Judge of the Superior Court of California, shall be $5,000.00 in liquidated damages. **Initial**: _____

## 9.0.     <u>CONTINUING OBLIGATION TO ABIDE BY CONFIDENTIALITY</u>

9.1     At all times hereafter, ESPINOZA shall continue to keep confidential all non-public information concerning Releasees, Releasees' employees, and Releasees' customers and clients, including all such medical, financial, asset, income, expense and other personal or confidential information and Releasees shall continue to keep confidential all non-public information concerning ESPINOZA.

9.2     ESPINOZA certifies that he has returned all Company property back to Releasees.

## 10.0    <u>ENFORCEMENT OF THIS AGREEMENT</u>

10.1    Nothing in this Agreement releases or discharges enforcement of any of the Parties' obligations, agreements, representations, warranties or undertakings set forth in this Agreement, unless expressly set forth to the contrary. The Parties intend this Agreement to be final, binding and enforceable. Notwithstanding any other provision in this Agreement, the Parties intend this Agreement to be admissible in any proceeding concerning the enforcement of this Agreement.

10.2    No right or remedy given to a Party on the breach of any provision of this Agreement is intended by the Parties to be exclusive; each shall be cumulative and in addition to any other remedy provided in this Agreement or otherwise available at law or in equity.

10.3    Any attempt to enforce this Agreement, or any claim of breach of any provision of this Agreement or any other dispute under this Agreement, including without limitation its construction shall be adjudicated by a judge of the Kern County Superior Court. This Agreement is final, binding, and admissible pursuant to Code of Civil Procedure section 664.6. Any judgment upon an award may be entered in a court having jurisdiction as permitted by law. In any action or proceeding to enforce or interpret this Agreement, the prevailing Party shall recover their reasonable attorneys' fees and costs related to said action or proceeding.

## 11.0    <u>MEDICAL LIENS/MEDICARE</u>

11.1    ESPINOZA represents that there have been no payments or reimbursements by Medicare or Medicaid for any alleged damages or injuries relating to this claim.

11.2    ESPINOZA agrees to and shall pay, discharge, compromise, or dismiss any and all liens, claims, demands, lawsuits, or subrogation which any hospital, medical practitioner, health care provider, psychiatrist, psychologist, psychotherapist, insurer, county, state or federal government agency, or any other person, firm or corporation has or claims to have, including liens or claims asserted under the laws of the United States, the State of California, Medicare, Medicaid, Social Security, or the Medical Care Recovery Act, and any and all other liens or claims, whether created by statute, contract, or by the acts of any party, which any insurance carrier, governmental entity, person, firm, corporation, or any other entity may have as a result of the injuries that were allegedly sustained by ESPINOZA as alleged, or that could have been alleged in the Action and the Claim (collectively referred to as "Medical Liens"), which have been or will be brought, filed, or submitted.  ESPINOZA further agrees to and shall defend, indemnify and hold harmless WASTEQUIP from and against any and all Medical Liens which have been or will be brought, filed, or submitted against WASTEQUIP.  As of the date of this Agreement, ESPINOZA has not notified WASTEQUIP of any Medical Liens, and WASTEQUIP is not aware of any.

## 12.0    GOVERNING LAW / NO WAIVER

This Agreement shall be construed and interpreted in accordance with the laws of the State of California without regard to conflict of laws principles.  The Parties and their counsel were each involved in the negotiation and drafting of this Agreement.  This Agreement shall be interpreted fairly according to its plain meaning, and not in favor or against either Party.  No breach of any provision hereof can be waived unless in writing.  Waiver of any one breach of any provision shall not be deemed to be a waiver of any other breach of the same or any other provision hereof.  This Agreement may be amended or modified only by a written agreement signed by or on behalf of the Parties.  The Parties' covenants, representations and warranties set forth in this Agreement shall survive execution and performance of this Agreement.

## 13.0    JOB VERIFICATION

Prospective employers of ESPINOZA may contact the Wastequip Human Resources Department at (877) 468-9278.  The verification will include dates of employment and positions held only.  If ESPINOZA wishes his ending salary to be disclosed to any prospective employer, he understands that he will need to provide written authorization for WASTEQUIP to do so.

## 14.0    ADDITIONAL DOCUMENTS

The Parties shall cooperate fully and execute any and all supplementary documents and take all additional actions, which may be reasonably necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

## 15.0    ENTIRE AGREEMENT AND SUCCESSORS IN INTEREST

This Agreement contains the entire agreement between ESPINOZA and Releasees with regard to the matters set forth in it.  Notwithstanding any provision herein, no provision of this

Initials: ___

Agreement shall require a Party to act, or to fail to act, in any manner contrary to law. This Agreement shall be binding upon and inure to the benefit of the executors, administrators, agents, personal representatives, heirs, successors and assigns of each.

**16.0    EFFECTIVENESS**

This Agreement shall become effective on the Effective Date.

**17.0    COUNTERPARTS**

This Agreement may be executed in counterparts and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and all counterparts taken together will constitute one and the same Agreement, which will be binding and effective as to all Parties. Signatures by PDF, or facsimile on this Agreement shall be effective as originals for all purposes.

**18.0    SEVERABILITY**

If a court or arbitrator of competent jurisdiction holds any provision of this Agreement to be illegal, unenforceable or invalid in whole or in part for any reason, the validity and enforceability of the remaining provisions, or portions of them, will not be affected.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement on the dates stated below:

Dated: September 22, 2020    _____
                             JAVIER ESPINOZA

Dated: September 28, 2020    _____
                             WASTEQUIP MANUFACTURING COMPANY, LLC