Rafael Nendel-Flores, Esq. SBN: 223358
Guillermo Tello, Esq. SBN: 277896
Yesi Lagunas, Esq. SBN 316008
**CLARK HILL LLP**
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Telephone:  (213) 891-9100
Facsimile:   (213) 488-1178
rnendelflores@clarkhill.com
gtello@clarkhill.com
ylagunas@clarkhill.com

Attorneys for Defendant
WASTEQUIP MANUFACTURING COMPANY, LLC


Ben Rothman, Esq. SBN 265472
**LAW OFFICES OF BEN ROTHMAN**
10100 Venice Blvd.,
Culver City, CA 90232
Telephone: (310) 717-0539
Facsimile: (310) 919-3777
ben@santamonicainjurylawyer.com

Attorney for Plaintiff
JAVIER ESPINOZA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA- FRESNO DIVISION

| | |
|---|---|
| JAVIER ESPINOZA, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WASTEQUIP MANUFACTURING COMPANY, LLC, an Ohio limited liability company; and DOES 1 to 50, inclusive,<br><br>　　　　Defendants. | Case No. 1:20-CV-00211 JLT<br><br>**NOTICE OF SETTLEMENT AND JOINT STIPULATION AND REQUEST FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS; [~~PROPOSED~~] ORDER**<br><br>(Doc. 14) |

1

JOINT STIPULATION FOR APPROVAL OF SETTLEMENT AGREEMENT AND REQUEST FOR DISMISSAL WITH PREJUDICE

## NOTICE OF SETTLEMENT

PLEASE TAKE NOTICE that Plaintiff JAVIER ESPINOZA ("Plaintiff") and Defendant WASTEQUIP MANUFACTURING COMPANY, LLC ("Defendant") (collectively, "the Parties") have reached a settlement in the above-entitled action. A formal settlement agreement and general release has been negotiated and executed by, and among, the Parties.  Upon the Parties settlement of this entire action, the Parties hereby submit this Joint Stipulation for Approval of Settlement and Motion for Dismissal with Prejudice.

## JOINT STIPULATION FOR APPROVAL OF SETTLEMENT AGREEMENT AND MOTION FOR DISMISSAL WITH PREJUDICE

Plaintiff and Defendant pursuant to Local Rule 160 and Federal Rule of Civil Procedure 41(a)(1)(A)(ii), hereby and through their respective counsel, request that the court approve the Settlement Agreement and Release (the "Agreement") and dismiss with prejudice the entire action.

### A.   Court Approval of the Proposed Settlement of Fair Labor Standards Act Claim is Proper

Plaintiff's Complaint, in its Fifth Cause of Action, asserts a claim under the Fair Labor Standards Act for alleged Failure to Pay Overtime Wages as required by 29 U.S.C. §§ 207(a) and 216(b).  Public policy strongly favors the settlement of disputes.  Still, Rule 41(a)(a)(A)(ii) requires the approval of the district court or of the Department of Labor for stipulated dismissals settling Fair Labor Standards Act ("FLSA") claims with prejudice. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206 (2nd Cir. 2015).  As such, the Parties seek this Court's approval.

### B.   Court Approval of the Settlement Agreement and Release Is Proper

The Court need only determine that a "settlement reflects a reasonable compromise over issues that are actually in dispute," in order to approve a settlement of FLSA claims. *McKeen-Chaplin v. Franklin Am. Mortg. Co., No. C*. 10-5243 SBA, 2012 WL 6629608, *2 (N.D. Cal. Dec. 19, 2012).  This standard is specifically

designed to "promote the policy of encouraging settlement of litigation." *Id*. A settlement may be approved if, under the totality of the circumstances, the settlement's overall effect vindicates, rather than frustrates, the purposes of the FLSA. See, *Dees v. Hydradry, Inc*., 706 F.Supp.2d 1227, 1247 (M.D. Fla. 2010) (explaining that "the district court should not become complicit in any scheme or mechanism designed to confine or frustrate…realization of FLSA rights.").

As discussed in detail herein, Plaintiff's FLSA claim is individual in nature, not class or collective, and was disputed by Defendant from the outset. As such, the terms of the Agreement reached by the Parties after conducting independent investigations and discovery into the merits of, or lack thereof, Plaintiff's claims, is indeed a reasonable compromise of all the issues "actually in dispute." *McKeen-Chaplin*, *supra*.

**C.    Procedural History**

1. On September 19, 2019, Plaintiff filed his Complaint against Defendant, titled *Javier Espinoza v. Manufacturing Company, LLC* Case No. BCV-19-102665 in the Kern County Superior Court, seeking damages for (1) Failure to Provide Meal Periods; (2) Failure to Provide Rest Periods; (3) Failure to Pay Minimum Wages; (4) Failure to Pay Overtime Wages 29 USC §§ 3017(a) & 216(b); (5) Failure to Provide Accurate Wage Statements; (6) Waiting Time Penalties; (7) Failure to Produce Payroll Records; (8) Failure to Produce Personnel Records; and (9) Unfair Business Practice.

2. On November 17, 2019 Defendant answered the Complaint in the Kern County Superior Court and therein denied all claims and allegations and asserted special and affirmative defenses to all claims and allegations.

3. On February 10, 2020, Defendant moved to remove this matter to federal court on the basis of diversity jurisdiction and Plaintiff did not object. On February 11, 2020, the Kern County Superior Court vacated the state case.

4. As of February 11, 2020, the matter is under the jurisdiction of the United States District Court Eastern District Court of California, before Magistrate Judge Jennifer L. Thurston.

5. Throughout the pendency of this case, both while pending in State court and after removal to this Court, the Parties have engaged in discovery and in their respective independent investigations. Specifically, Plaintiff propounded three separate sets of discovery and Defendant propounded two set of discovery, with both Parties exchanging documents and meeting and conferring over the Parties' responses.

6. Counsel for the Parties have also discussed the merits of Plaintiff's claims and Defendant's defenses at length.

7. On August 28, 2020, after two months of settlement discussions, the Parties reached an agreement to settle this matter.

### D. The Parties Request To Dismiss The Entire Action With Prejudice

Plaintiff initially brought this Complaint against Defendant, alleging wage and hour causes of action, including an action under the FLSA. With regards to the FLSA claim, Plaintiff alleged that, while Defendant employed him as a forklift driver, Defendant failed to pay him overtime wages. Plaintiff alleged that as a result, he was entitled to overtime pay with interest, liquidated damages, costs and attorney's fees.

The Parties have entered into the Agreement to resolve all claims asserted in this matter. The Parties and their counsel recognize and acknowledge the expense of continued lengthy proceedings to prosecute and defend this action, the uncertainty and risk of any litigation, as well as the difficulties and delays inherent in such litigation.

In support of the request for approval of the Agreement, Plaintiff's counsel submits that he and Plaintiff are satisfied that Plaintiff will be reasonably compensated under the terms of the Agreement for all causes of action asserted against Defendant. Additionally, Plaintiff's counsel acknowledge that: (a) Plaintiff fully understand the Agreement; (b) the Agreement specifically applies to a knowing and voluntary release of the relevant and specified rights and claims Plaintiff may have against Defendant; and (c) Plaintiff consulted with his counsel before signing the Agreement and has entered into it knowingly and voluntarily. A copy of the Agreement is attached as Exhibit A.

### E. Conclusion

The Parties agree that the terms reflected in the Agreement are mutually satisfactory and represent an adequate, fair, and reasonable resolution of this lawsuit. The Parties therefore respectfully request the Court approve the Agreement and dismiss this entire action with prejudice.

DATED: September 29, 2020        CLARK HILL LLP

By: _____
Rafael G. Nendel-Flores
Guillermo Tello
Yesi Lagunas
Attorneys for Defendant
WASTEQUIP MANUFACTURING COMPANY, LLC

DATED: September 23, 2020        BEN ROTHMAN

By: _____
Ben Rothman
Attorney for Plaintiff
JAVIER ESPINOZA

# [PROPOSED] ORDER

Upon review of the Joint Stipulation for Approval of Settlement Agreement and Request for Dismissal With Prejudice, and after reviewing the settlement agreement (Doc. 14-1), the Court finds that the settlement terms represent a fair and equitable resolution of this matter and that the Plaintiff is receiving a reasonable and satisfactory recovery of his claims, and payment of attorneys' fees and costs.

The Court **ORDERS** that the Parties' Settlement Agreement and Release is APPROVED. This action, and the claims asserted herein by Plaintiff, is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated:  **October 8, 2020**          **/s/ Jennifer L. Thurston**
                                     UNITED STATES MAGISTRATE JUDGE